**DAN YUN CHEN, a.k.a. Dang Yun Chen, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–74767.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 19, 2010.

Gary J. Yerman, Esquire, Law Office of Gary J. Yerman, New York, NY, for Petitioner.

OIL, Jacob Bashyrov, Esquire, Carl Henry McIntyre, Jr., Assistant Director, U.S. Department of Justice, Washington,

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

D.C., Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Dan Yun Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Chen failed to establish changed circumstances in China to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Lin v. Holder*, 588 F.3d 981, 988–89 (9th Cir. 2009) (record did not establish change in family planning laws or enforcement of such laws that would establish changed country conditions excusing untimely motion to reopen).

Chen's contention that she should have been permitted to file a successive asylum application is foreclosed. *See Lin*, 588 F.3d at 989 (rejecting petitioner's contention that, independent from her motion to reopen, she was entitled to file a freestanding asylum application).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, we deny Chen's request for administrative notice of evidence that she did not submit to the BIA, because our review is confined to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir.1996) (en banc).

## PETITION FOR REVIEW DENIED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).